Davis, J.,
delivered the opinion of the court:
In the findings of fact heretofore filed in this cause appears the following:
“Z7. Oaths to deputy U. 8. marshal accounts.
•‘‘Claimant also, as such commissioner, administered oaths to deputy U. S. marshals in support of their accounts for expenses and disbursements in executing process, and affixed his official jurats to said accounts, one to the original and another to the duplicate accounts, in conformity to the regulations of the Department of Justice, set forth on page 235, lieg-ister Department of Justice for 1886.
“For said services he charges at the rate of 10 cents for each oath administered, 15 cents for each jurat to the original account, and 15 cents for each jurat to the duplicate account.
Account No. 140496, for 45 oaths. $4.50
*•' 45 jurats to original acct’s. 6.75
Account No. 140496, for45 juratstothe duplicate accounts. 6.75
-$18.00
Account (not approved) for 270 oaths...27. 00
270 jurats to original accounts. 40.50
270 jurats to duplicate accounts. 40.50
- 108.00
Making a total of hotli accounts... 126.00”
This item of claim was not allowed by the court, and on a new trial plaintiff seeks to have this decision reversed.
The regulation referred to in the finding is the following one:
“Every deputy United States marshal is required to certify on oath that the accounts rendered to the United States marshal are correct in each and every particular. (See section 782, .Revised Statutes, prescribing an oath that he will talce only lawful fees.) Such certificate must be on the same paper with the account, or, if several accounts are SAvorn to at the same time, a separate paper may be used, in which case the officer *54 before whom the affidavit is made must fill in, in his own handwriting, the names of the eases in which the services were performed, and the total footing of all the vouchers written out in full and in numerals, and the vouchers must be marked ‘Original’ or ‘Duplicate/ and the duplicate must be a duplicate in fact, not a copy, as provided in section 1 of the act of February 22,1875.” (Register of the Department of Justice for 1886, p. 235.)
Plaintiff’s contention is largely founded upon the decision of the Supreme Court in McDermott v. The United States (140 U. S., items 1 and 2, pp. 152 to 154), where a charge was allowed made by a commissioner, who was also chief supervisor of elections, for administering oaths to supervisors; and. another charge was allowed, made by the commissioner, for drawing-affidavits of supervisors as to the actual performance of their duties, administering the oath, and drawing the jurat to these affidavits. The Supreme Court said:
“Upon what evidence the Department shall act in determining the compensation to which each supervisor is entitled must depend somewhat upon the discretion of the auditing officers or head of the Department. It would certainly be competent for the Department to pay upon such certified rolls as are used in the case of jurors and witnesses, or it may require the accounts to be verified by the affidavits of the claimants. In respect to these accounts the Attorney-General wrote to the marshal, under date of November 13, 1888', as follows : ‘ In answer to your letter of the 6th instant, you are informed that commissioners’ affidavits and badges of special deputy marshals and of supervisors of elections should be affixed tó the payrolls as vouchers when forwarded to the Treasury for settlement.’ By the commissioner’s affidavit is probably understood an affidavit sworn to before a commissioner. If the Government requires these affidavits for its own protection it is no more than right and just that it should pay for them. We do not wish to be understood, however, as holding that in every case the expense of verifyin g the accounts of persons having claims against the Government is properly chargeable against it, but, for the reasons stated in support of the allowance of item 1, we think it should be allowed in this case. A similar practice obtains in the payment of jurors and witnesses.”
In this case the Supreme Court evidently proceeded upon the theory that the Department required the commissioner to perform the service specified; as to the oaths (quoting the Revised Statutes),they say (p. 152): “From this it appears to have been the intention of Congress that the supervisors *55 should take an oath, which should be reduced to writing and filed with the chief supervisor, and in consideration of the number of such supervisors, their short tenure of office, and presumed inexperience in the drawing of legal documents, and of the desirableness of securing uniformity in the oaths as administered, it is fairly inferable that it was the intention of Congress that the chief supervisor should himself prepare those oaths and file them in his office; but as no authority is given him by the statute to administer the oath, and as no other person is specially designated for that purpose, the oath may properly be taken before anyone authorized by the laws of the United States to administer oaths. As petitioner is both chief supervisor and commissioner, he maybe allowed” for drawing the oath and administering it; and the court further observes (p. 153) that, under the statute then before them, the supervisor could “ charge for such services as he rendered in his capacity as United States commissioner, but was not authorized to perform in his capacity as chief supervisor.”
As to another item, the opinion upon which is quoted above, it will be noticed that the court say, alter quoting from the Attorney-General’s instructions:
“ By the commissioner’s affidavit is probably understood an. affidavit sworn to before a commissioner, (p. 154.)”
This case decides that a certain duty was imposed upon McDermott as chief supervisor and commissioner; that he performed.this duty, and should be paid.
In the case at bar we find no duty imposed upon, the plaintiff by the statute or regulation' as to the oaths and jurats for which as commissioner he charges. His only claim of right stands upon the Department’s regulation. That regulation requires every deputy marshal to certify on oath as to his accounts. It prescribes certain details as to the certificate, but it nowhere alludes to a commissioner. It does allude to “the officer before whom the affidavit is made,” and that officer may be any officer competent to administer oaths in the absence of a provision imposing some limitation upon the affiant’s choice of officer. Had affiant taken the oath before a notary public* no such relations would have been established under this regulation between the notary and the defendants as would sustain an action against them for a fee.
This regulation, in our opinion, does not disclose an intent to *56 impose upon the commissioner the duty of administering the oaths or affixing the jurats therein required, and the case therefore does not fall within the reasoning in either McDermott’s Case (supra) or Hoyne’s Case (27 C. Cls. R., p. 289), as in both those cases a duty had been imposed.upon the commissioner; but it does fall within the principle thus stated in Bell’s Case (25 C. Cls. R., p. 26).
“ In the opinion of the court the case does not turn upon the fact tlsat the affidavits were made at the instance of the Attorney-General and for the use of the Government, but upon the point of privity of contract. It is certain that the Government did not employ the commissioner to do this work, and that the supervisors of election did. It was no concern of his for what purpose the affidavits were made. If anyone was injured in contemplation of law it was the supervisors, who had to pay for the affidavits, and they only can complain of the requirement.”
We do not overlook the fact that in Strong’s Case (No. 16882, decided without opinion May 31, 1892) we reached a different conclusion upon this point; but after elaborate reargument and careful reconsideration of this case we adhere to our findings and conclusion of law as filed after the first trial, and disallow this item of claim.
Judgment for plaintiff in the sum of $268.
Nott, J., did not sit in this case and took no part in the decision.